IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN SPADE,

        Plaintiff,                  No. 2:12-cv-1024 JFM P

   vs.

MRS. DENISE J. WISCHER, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff, the only party to appear in this action, has consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). <u>See</u> Consent filed May 23, 2012 (Docket No. 8).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff names two defendants in his complaint, Mrs. Denise Wischer, who is employed as a stenographer at a courthouse in the state of Wisconsin, and Mrs. Deidre Jones Elitabet, who is alleged to be Mrs. Wischer's daughter.  Plaintiff alleges that the two defendants have stolen five employment development checks belonging to plaintiff and totalling $2,064.86.  Plaintiff's complaint contains the following allegations.  On or about December 31, 2011, he discovered that his worker's compensation benefit checks were being cashed and deposited into Mrs. Wischer's savings account.  Plaintiff neither endorsed the checks to Mrs. Wischer nor gave her power of attorney to cash the checks.  After depositing the checks, Mrs. Wischer sent the money to her daughter, who spent all of the money on items for herself.  Plaintiff has contacted the police.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

/////

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

In the instant case, although plaintiff alleges generally that Mrs. Wischer "acted under color of state law," see Complaint, filed April 18, 2012, at 8, the factual allegations of the complaint belie this general assertion. Moreover, even if either defendant was acting "under color of state law" in connection with the alleged events, the allegations of the complaint demonstrate that plaintiff's claim is based on alleged unauthorized intentional deprivation of his property. For the reasons set forth supra, these allegations do not state a cognizable claim for violation of plaintiff's federal constitutional rights. Accordingly, this court finds that plaintiff has failed to state a claim upon which relief may be granted. Moreover, it does not appear that the defects in the complaint could be cured by amendment. For that reason, this action must be dismissed. See 28 U.S.C. § 1915A.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. This action is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A.

DATED: November 1, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
spad1024.dm